No. 14-1945

In the
### United States Court of Appeals for the Fourth Circuit

◆

**STEPHEN KOLBE,** *et al.*,

Plaintiffs-Appellants

v.

**MARTIN J. O'MALLEY,** *et al.*,

Defendants-Appellees

◆

On Appeal from the United States District Court
for the District of Maryland
No. 1:13-cv-02841-CCB (Hon. Catherine C. Blake)

◆

**PLAINTIFFS-APPELLANTS' OPPOSITION TO MOTION BY TRADITIONALIST YOUTH NETWORK, LLC FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**

◆

John Parker Sweeney
T. Sky Woodward
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
JSweeney@babc.com

Attorneys for Appellants

Pursuant to the Court's September 25, 2014, Order, Plaintiffs-Appellants hereby oppose the Motion of Traditionalist Youth Network, LLC ("TYN") for Leave To Participate in this appeal as *amicus curiae*. As set forth below, TYN's brief will not be helpful to the Court's consideration of this appeal. TYN appears to be using its brief to advocate positions that are far beyond the scope of this appeal. TYN is urging this Court to ignore the Supreme Court's controlling decision in *Heller* and render a far more expansive interpretation of the Second Amendment; relief Plaintiffs-Appellants have not requested.

**ARGUMENT**

Though there are a myriad of complex legal issues (constitutional and otherwise) in this appeal, at its heart, this is a very straightforward case. In its seminal Second Amendment decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court held, among other things, that it is constitutionally impermissible to ban firearms commonly possessed for lawful purposes by responsible, law-abiding citizens. Plaintiffs-Appellants demonstrated in the trial court that the firearms and magazines banned by Maryland's Firearms Safety Act of 2013 were commonly kept for lawful purposes by responsible, law-abiding citizens. Accordingly, such a ban is *per se* unconstitutional under *Heller*. Plaintiff-Appellants seek only to purchase the popular firearms and magazines of their choice for self defense in the home, among other legitimate purposes.

1

Appellants oppose TYN's proposed participation in this appeal as *amicus curiae* because TYN's brief does not assert matters that are relevant to the disposition of this case and will not be helpful to the Court. Fed. R. App. P. 29(b)(2) (*amicus curiae* must demonstrate why its participation is "desirable and why the matters asserted are relevant to the disposition of the case").

TYN's proposed brief adds nothing relevant for the Court's consideration. TYN's sole legal argument is that the district court erred when it failed to conduct a strict-scrutiny review. *See* Proposed Br. at 4-19. The parties' summary judgment papers address the applicable standard of review and level of scrutiny at great length, and their briefs in this Court no doubt will do the same. *See, e.g.*, Doc. 44-1 at 37-54; Doc. 55-1 at 25-38. More importantly, however, the arguments presented by TYN do not relate to the issues actually involved in this appeal. While ostensibly arguing in favor of strict scrutiny review in this case, TYN is actually advocating wide-ranging political positions that are beside the point of the issues in this appeal.

This appeal relates to the scope of the Second Amendment's protections as applied to popular semi-automatic long guns and magazines with a capacity greater than ten rounds. Appellants contend that these firearms and magazines are protected by the Second Amendment as it was interpreted by the Supreme Court in *Heller, supra*, 554 U.S. 570, and *McDonald v. City of Chicago*, 561 U.S. 742

2

(2010).

TYN makes clear that its interests lie far beyond these narrow issues. On pages 19-20 of its proposed brief, TYN declares: "if the Second Amendment was [sic] interpreted as it should be, then individual American citizens reserve the right to possess automatic rifles and submachine guns, hand grenades, shoulder-fired rocket and grenade launchers, antipersonnel mines, trench mortars, anti-aircraft and anti-tank guns . . . ." None of these modern-day military weapons are at issue in this appeal. Nor are Plaintiffs-Appellants arguing that they should be. TYN is arguing for relief beyond the scope of this appeal.

This appeal does not involve a prohibition on owning any of the weapons TYN references. Rather, this case involves only the complete prohibition on popular firearms and magazines that are commonly possessed by law-abiding citizens for lawful purposes; it simply does not involve the possession of military-grade firearms. Thus, the arguments put forth by TYN are not germane to this appeal.

By requiring that a prospective *amicus* explain "why the matters asserted are relevant to the disposition of the case," the Federal Rules of Appellate Procedure make clear the requirement that an *amicus* brief actually address issues that are before the Court. Because TYN's proposed *amicus* brief does not meet this requirement, its motion to participate as *amicus curiae* should be denied.

3

TYN never sought consent to appear as *amicus curiae* on behalf of Plaintiffs-Appellants. Had their consent been sought, Plaintiffs-Appellants would have declined. Plaintiffs-Appellants now expressly decline the nominal "support" being offered by TYN on appeal in this matter and urge this Court to deny TYN's motion.

## CONCLUSION

For the foregoing reasons, this Court should deny the motion of TYN for leave to participate in this appeal as amicus curiae.

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
T. Sky Woodward
James W. Porter, III
Marc A. Nardone
*Attorneys for Appellants*
Bradley Arant Boult Cummings, LLP
1516 L Street, NW, Suite 1350
Washington, DC 20036
(202) 393-7150
jsweeney@babc.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew John Fader
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
200 Saint Paul St
Baltimore, MD 21202
mfader@oag.state.md.us

Jennifer L. Katz, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
200 Saint Paul Place
20th Floor
Baltimore, MD 21202
jkatz@oag.state.md.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Mr. Mark Holdsworth Bowen, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
1201 Reisterstown Road
Pikesville, MD 21208

                s/ John Parker Sweeney
                John Parker Sweeney