

BRADLEY ARANT
BOULT CUMMINGS
LLP

John P. Sweeney

Direct Dial: 202-719-8216
Direct Fax: 202-719-8316
jsweeney@babc.com

March 6, 2015

Ms. Patricia S. Connor
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

RE: *Stephen Kolbe, et al. v. Martin J. O'Malley, et al.*, No. 14-1945
Citation of Supplemental Authority Pursuant to FRAP 28(j) and L.R. 28(e)

Dear Clerk Connor:

On February 24, 2015, this Court issued its opinion in the case of *Robert S. Reynolds v. Douglas A. Middleton*, No. 13-1238l, applying *McCullen v. Coakley*, 134 S. Ct. 2518 (2014), and holding that under intermediate scrutiny a regulation must be narrowly tailored to not burden substantially more protected behavior than necessary to achieve the purported interest:

> [T]he burden of proving narrow tailoring requires the [government] to <u>prove</u> that it actually <u>tried</u> other methods to address the problem. . . . [T]he government must "<u>show</u>[] that it seriously undertook to address the problem with less intrusive tools readily available to it," and must "<u>demonstrate</u> that [such] alternative measures . . . would fail to achieve the government's interests, not simply that the chosen route is easier."

Reynolds, Slip Op. at p. 21 (internal citations to *McCullen* omitted)(emphases in original).

Plaintiffs-Appellants have demonstrated that *Heller* and its progeny require that at least strict scrutiny be applied to the challenged provisions of the Maryland Firearm Safety Act. Br. at 29-33; Reply at 12-13.

5/40929.1

Ms. Patricia S. Connor
March 6, 2015
Page 2

Even if the Act required application of only intermediate scrutiny, *see* State's Br. at 27-33, however, *Reynolds* makes clear the State's bans on Prohibited Firearms and Magazines fail even that standard, because this approach is not narrowly tailored as required by binding intermediate scrutiny precedent. Br. at 33-36, 41-42; Reply at 14-16. The State cannot satisfy *Reynolds'* two-prong requirement to prove that: (i) it undertook to address the perceived public safety problem with less intrusive tools; and (ii) such alternative measures would fail. The State's failure to comply with intermediate scrutiny's narrow tailoring requirements is all the more glaring because it abandoned the less restrictive alternatives already in place, the 77R registration process for the now prohibited firearms and the twenty-round magazine limit, in order to implement the bans, without demonstrating that those preexisting alternatives had failed. Br. at 18-19; Reply at 14-16.

Respectfully submitted,

John Parker Sweeney
*Counsel for Plaintiffs-Appellants*

5/40929.1