**BRIAN E. FROSH**  
*Attorney General*

**ELIZABETH F. HARRIS**  
*Chief Deputy Attorney General*

**THIRUVENDRAN VIGNARAJAH**  
*Deputy Attorney General*



# STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.  
410-576-6955

WRITER'S DIRECT DIAL NO. 410-576-7906  
E-MAIL ADDRESS: mattfader@oag.state.md.us

March 23, 2015

Via CM/ECF

Patricia S. Connor, Clerk of Court  
United States Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219-3517

    Re:    *Stephen V. Kolbe, et al. v. Lawrence J. Hogan, Jr., et al.*, No. 14-1945

Dear Ms. Connor:

    The Defendants-Appellees submit this response under Federal Rule of Appellate Procedure 28(j) to the appellants' March 6, 2015 letter (ECF No. 66) regarding *Reynolds v. Middleton*, No. 13-2389 (4th Cir. Feb. 24, 2015).

    Appellants are incorrect in arguing that *Reynolds* altered the intermediate scrutiny test applicable in Second Amendment challenges and that, even if it did, the appellants have not satisfied that test. As an initial matter, *Reynolds* and *McCullen v. Coakley*, 134 S.Ct. 2518 (2014) both decided First Amendment challenges to broad restrictions prohibiting speech in public fora. *Reynolds* did not purport to alter this Court's established application of intermediate scrutiny in Second Amendment cases (*see* Br. of Appellants at 31-33). *See, e.g.*, *Woollard v. Gallagher*, 712 F.3d 865, 883 n.11 (4th Cir. 2013) (declining to apply First Amendment prior restraint doctrine in Second Amendment challenge).

    Second, appellants err in reading *Reynolds* to require evidence of failed attempts to apply less restrictive means in every case. Indeed, intermediate scrutiny does not even require the government to use the least restrictive means. *Reynolds*, Slip Op. at 6. To the contrary, *Reynolds* requires evidence to support the government's claims of narrow tailoring, *i.e.*, that the regulation "does not burden substantially more speech than necessary." *Reynolds*, Slip Op. at 13. In *Reynolds*, the government attempted to justify a broad ban on protected solicitation on all roadways and medians even though its evidence

200 Saint Paul Place ❖ Baltimore, Maryland, 21202-2021  
Main Office (410) 576-6300 ❖ Main Office Toll Free (888) 743-0023  
Consumer Complaints and Inquiries (410) 528-8662 ❖ Health Advocacy Unit/Billing Complaints (410) 528-1840  
Health Advocacy Unit Toll Free (877) 261-8807 ❖ Homebuilders Division Toll Free (877) 259-4525 ❖ Telephone for Deaf (410) 576-6372  
www.oag.state.md.us

demonstrated a safety concern only at particularly busy intersections, and so had to show other alternatives would not suffice. *Id.* at 19-22. In this case, by contrast, the appellees produced substantial evidence that the challenged regulations do not burden substantially more protected conduct than necessary including, among other reasons, that they are limited to firearms and magazines that are particularly dangerous and not necessary for self-defense. (Br. of Appellants at 18-23, 33-43.)

Third, in contrast to *Reynolds*, the appellants have not identified any less restrictive means that would achieve the State's compelling interests. The prior regulations did not sufficiently reduce the availability of either assault weapons or magazines with a capacity greater than ten rounds. (*Id.*)

Respectfully submitted,

 /s/ Matthew J. Fader
MATTHEW J. FADER
Assistant Attorney General
Tel. 410-576-7906
mfader@oag.state.md.us

Counsel for Appellees

cc: Counsel of record (via CM/ECF)