

John Parker Sweeney
Attorney
Direct Dial: (202) 719-8216
Direct Fax: (202) 719-8316
E-mail: JSweeney@babc.com

March 23, 2015

**VIA CM/ECF**

Ms. Patricia S. Connor
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

RE: *Stephen Kolbe, et al. v. Martin J. O'Malley, et al.*, No. 14-1945
Response to Defendants-Appellees' Citation of Supplemental Authority Pursuant to FRAP 28(j) and L.R. 28(e)

Dear Clerk Connor:

The State cites *Fyock v. City of Sunnyvale*, No. 14-15408, 2015 WL 897747 (9th Cir. Mar. 4, 2015), in which the Ninth Circuit affirmed denial of a motion for preliminary injunction with respect to an ordinance prohibiting magazines capable of holding more than 10 rounds.

The Ninth Circuit did not review the merits of Fyock's challenge to the prohibition, expressly stating that it was "not called upon . . . to determine the ultimate merits of Fyock's claim," Slip Op. 8, and emphasizing that "our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." Slip Op. 8-9. Because of *Fyock*'s procedural posture, the State is incorrect that the "Ninth Circuit held . . . that intermediate scrutiny applies" to regulations that do not substantially burden Second Amendment rights and that "the court upheld the application of intermediate scrutiny because the impact on the core right 'is not severe.'" The Ninth Circuit held only that the District Court did not abuse its discretion. Slip Op. 5, 8, 9, 10, 11, 13, 15, 18, 21.

Having said that, the Ninth Circuit's analysis confirmed that limitations on magazine capacity must be subjected to Second Amendment scrutiny: "[O]ur case law supports the conclusion that there must also be some corollary, albeit not unfettered, right to possess the magazines necessary to render those firearm operable. . . . [A] regulation restricting possession of certain types of magazines burdens conduct falling within the scope of the Second Amendment." *Id.* at 15; *See also* Br. for Plaintiffs-Appellants at 36-39.

The reasoning in *Fyock* regarding the extent of the burden on Second Amendment interests is incompatible with this Court's Second Amendment jurisprudence. This Court has repeatedly held that its level of scrutiny analysis entails examining only whether the challenged statute affects law-abiding, responsible citizens in their homes, not the extent of that burden. Br. for Plaintiffs-Appellants at 28-31.

*Fyock* addressed only a magazine prohibition; to the extent it is relevant at all, *Fyock* is relevant only to Plaintiffs-Appellants' challenge to Maryland's magazine ban.

Respectfully submitted,

John Parker Sweeney
*Counsel for Plaintiffs-Appellants*