
BRADLEY ARANT
BOULT CUMMINGS
LLP

John P. Sweeney

Direct Dial: 202-719-8216
Direct Fax: 202-719-8316
jsweeney@babc.com

April 29, 2015

Ms. Patricia S. Connor
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    RE:    *Stephen Kolbe, et al. v. Lawrence J. Hogan, Jr., et al.*, No. 14-1945
                Citation of Supplemental Authority Pursuant to FRAP 28(j) and L.R. 28(e)

Dear Clerk Connor:

    The Court of Appeals for the Seventh Circuit in *Friedman v. City of Highland Park*, No. 14-3091, upheld a municipality's firearm and magazine prohibitions. The panel majority rejected intermediate scrutiny - urged by the State here - in favor of a novel test: "whether a regulation bans weapons that were common at the time of ratification or those that have 'some reasonable relationship to the preservation or efficiency of a well regulated militia,' and whether law-abiding citizens retain adequate means of self-defense." Slip Op. 7-8.

    *Heller* rejected all three prongs of this test. *Heller* rejected as "bordering on the frivolous" the position that only firearms in existence at the time of ratification are protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008). *Heller* also explained that *Miller's* focus on the militia clause of the Second Amendment was no longer appropriate because "modern developments have limited the degree of fit between the prefatory clause and the protected right." *Id.* at 627-28. Finally, *Heller* rejected the argument that a prohibition on protected firearms is permissible so long as citizens retain adequate means of self-defense. *Id.* 628-29.

    *Friedman's* divided panel rejected the intermediate scrutiny approach of both the District of Columbia and Ninth Circuit Courts of Appeals, *Heller v. District of Columbia*, 670 F.3d 1244 (2011) and *Fyock v. Sunnyvale*, 779 F.3d 991 (2015), as well as Seventh Circuit precedent in *United States v. Skoien*, 614 F.3d 638 (2010) (*en banc*) (applying intermediate scrutiny to domestic offender in possession), *Ezell v. City of Chicago*, 651 F.3d 684, 708-09 (2011) (applying "not quite

strict scrutiny" to range ban), and *Moore v. Madigan*, 702 F.3d 933 (2012)( complete prohibition on carrying firearms unconstitutional).

   This Court should hold Maryland's challenged prohibitions unconstitutional *per se* because they prohibit protected arms in the home. Plaintiffs-Appellants Br. 25-28. Alternatively, if this Court applies a balancing test, it should look to its Second Amendment jurisprudence requiring strict scrutiny for prohibitions that reach into the home. Plaintiffs-Appellants Br. 29-33. Judge Manion's dissent in *Friedman* correctly concluded that such prohibitions require at least strict scrutiny. Slip Op. 24.

Respectfully submitted,

John Parker Sweeney
*Counsel for Plaintiffs-Appellants*

cc:  All Counsel of Record (via CM-ECF)