**BRIAN E. FROSH**
*Attorney General*



**ELIZABETH F. HARRIS**
*Chief Deputy Attorney General*

**THIRUVENDRAN VIGNARAJAH**
*Deputy Attorney General*

# STATE OF MARYLAND
# OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.
410-576-6955

WRITER'S DIRECT DIAL NO. 410-576-7906
E-MAIL ADDRESS: mattfader@oag.state.md.us

April 29, 2015

Via CM/ECF

Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

      Re:    *Stephen V. Kolbe, et al. v. Lawrence J. Hogan, Jr., et al.*, No. 14-1945

Dear Ms. Connor:

The Defendants-Appellees submit this letter under Federal Rule of Appellate Procedure 28(j) in response to the Plaintiff-Appellants' letter (ECF No. 74-1) regarding the decision of the United States Court of Appeals for the Seventh Circuit in *Friedman v. City of Highland Park*, No. 14-3091 (7th Cir. Apr. 27, 2015).

In *Friedman*, the Seventh Circuit held constitutional a municipal ordinance banning possession of assault weapons and large-capacity magazines. After likening the banned weapons to nearly indistinguishable machine guns, the court rejected the challengers' "circular" contention that common ownership for lawful purposes protects individual weapons from being banned, explaining that the prior absence of a ban does not render a later ban unconstitutional. Slip op. at 3-5. "Nothing in *Heller* suggests . . . that the passage of time creates an easement across the Second Amendment." *Id.* at 3-4.

Although cognizant that the banned weapons could be used for self-defense purposes, the court concluded that the bans at issue left city residents with "ample means to exercise the 'inherent right of self-defense' that the Second Amendment protects." *Id.* at 9 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 628 (2008)). Further, the court emphasized evidence showing the banned weapons' popularity among mass shooters, that such bans "reduce the share of gun crimes involving assault weapons," and that the ban, even though limited in scope to a single municipality, "may reduce the overall dangerousness of crime that does occur." Slip. op. at 10-11. Given that the

Supreme Court has not "attempt[ed] to define the entire scope of the Second Amendment – to take all questions about which weapons are appropriate for self-defense out of the people's hands," the Seventh Circuit declined to disturb the legislature's empirical judgment that the banned weapons are not properly possessed by private citizens. *Id.* at 11-12.

Respectfully submitted,

/s/ Jennifer L. Katz
MATTHEW J. FADER
JENNIFER L. KATZ
Assistant Attorneys General
Tel. 410-576-7906
mfader@oag.state.md.us

Counsel for Appellees

cc:    Counsel of record (via CM/ECF)