

John Parker Sweeney
Attorney
Direct Dial: (202) 719-8216
Direct Fax: (202) 719-8316
E-mail: JSweeney@babc.com

October 22, 2015

**VIA CM/ECF**

Ms. Patricia S. Connor
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    RE:    *Stephen V. Kolbe, et al. v. Lawrence J. Hogan, Jr., et al.*, No. 14-1945
            Response to Defendants-Appellees' Citation of Supplemental Authority Pursuant
            to FRAP 28(j) and L.R. 28(e)

Dear Clerk Connor:

        The United States Court of Appeals for the Second Circuit's opinion in *Cuomo*, cited by the State, actually supports Plaintiffs-Appellants with respect to the factual issues common to this case and *Cuomo*. The legal foundation upon which the Second Circuit constructed its analysis is inconsistent with this Court's Second Amendment precedent. Thus, the opinion in *Cuomo* buttresses Plaintiffs-Appellants' positions while lending little support to the State's arguments.

        The Second Circuit held that "even under the most conservative estimates cited by the parties and by amici, the assault weapons and large-capacity magazines at issue are 'in common use' as that term was used in *Heller*," Slip Op. 25, which directly supports Plaintiffs-Appellants' position. Plaintiffs-Appellants' Br., ECF No. 26, 8-11. The Second Circuit also addressed the issue of typical possession for lawful purposes separate and distinct from commonality, mirroring Plaintiffs-Appellants' position. *Compare* Slip Op. 26-28 *with* Plaintiffs-Appellants' Br. 11-13. The Second Circuit assumed, without deciding, that the firearms and magazines at issue were typically possessed for lawful purposes, Slip Op. 28; the uncontested facts before this Court dictate the conclusion that the prohibited firearms and magazines are typically owned for lawful purposes. Plaintiffs-Appellants' Br. 11-13.

        The Second Circuit upheld the firearm and magazine prohibitions, but it did so based on precedent markedly different from this Court's precedent. Critical to *Cuomo*'s potential relevance to this case is the Second Circuit's holding that "the statutes at issue implicate the core of the Second Amendment's protections by extending into the home . . . ." Slip Op. 31. The Second

Circuit analyzed and upheld the statutes under intermediate scrutiny based on Second Circuit precedent, but this Court's prior decisions compel a different result. Because "the statutes at issue [in this case] implicate the core of the Second Amendment's protections by extending into the home," at least strict scrutiny is mandated. Plaintiffs-Appellants' Br. 29-33.

The Second Circuit's holdings that the prohibited firearms and magazines are commonly possessed and that the prohibitions implicate the core of the Second Amendment's protections reinforce Plaintiffs-Appellants' position that strict scrutiny, at a minimum, must apply in this case.

Respectfully submitted,

John Parker Sweeney
Counsel for Plaintiffs-Appellants