

John Parker Sweeney

Direct Dial: 202-719-8216
Direct Fax: 202-719-8316
jsweeney@bradley.com

July 8, 2016

The Honorable Patricia S. Connor
Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

      RE:    *Stephen Kolbe, et al. v. Lawrence J. Hogan, Jr., et al.*, No. 14-1945
              Citation of Supplemental Authority Pursuant to FRAP 28(j) and L.R. 28(e)

Dear Ms. Connor:

The Court of Appeals for the Fifth Circuit's recent decision in *Hollis v. Lynch*, No. 15-10803 (attached), addressing the federal prohibition of machineguns, supports both the Panel decision in this case and the Plaintiffs' arguments before this Court. Applying the limiting principles from *District of Columbia v. Heller*, 554 U.S. 570, 621-27 (2008), the Fifth Circuit concluded that, "[t]he Second Amendment protects the class of weapons that enable 'citizens to use them for the core lawful purpose of self-defense,'" *Hollis*, Slip Op. at 13 (quoting *Heller*, 554 U.S. at 630), but machineguns are dangerous and unusual weapons not protected by the Second Amendment because they are uncommon. *Id.* at 20-21.

That court recognized the bright line drawn by the Supreme Court in *Staples v. United States*, 511 U.S. 600, 612 (1994), between dangerous and unusual weapons such as automatic firearms and traditionally-owned semi-automatic firearms like the popular AR-15. *Hollis*, Slip Op. at 17. The court observed that there are only 175,977 civilian-owned machineguns, making them uncommon in contrast to the "more than 8 million AR- and

AK-platform semi-automatic rifles" in America today. *Id.* at 19 (quoting *Kolbe*, 813 F.3d at 174). The court also rejected the "circularity" argument that the federal ban was the sole cause of the uncommonness of machineguns, stating that a similar argument made in the *Heller* dissent "was insufficient to carry the day in *Heller* and accordingly must fail here too." *Id.* at 21.

As *Heller* held, and *Hollis* makes clear, the "in common use for lawful purposes" test is the only appropriate standard for determining whether a firearm is protected. *See Heller*, 554 U.S. at 624; *Hollis*, Slip Op. at 17. If a firearm is commonly kept for lawful purposes, then it cannot be "dangerous and unusual," and is entitled to Second Amendment protection. *Id.* at 12. The popular semi-automatic firearms and standard magazines banned by Maryland cannot be prohibited. *Heller*, 554 U.S. at 636.

Respectfully submitted,

John Parker Sweeney
*Counsel for Plaintiffs*